

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 2 4 2023

Kevin P. Weimer, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEXTER WELLINGTON ROBERTS III<br>  A/K/A "SCIENCE",<br>GREVAUGHN SANCHEZ GOODMAN<br>  A/K/A "THE GENERAL",<br>SHAVONTE JUSTIN SUMMERS,<br>TRANQUILO G. GOODMAN, AND<br>DEMETRIUS LAMONT RANDOLPH, JR. | Criminal Indictment<br><br>1:23-CR-0336<br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

**Count One**
(Conspiracy to Deal in Firearms without a License)

Beginning on or about December 12, 2022 and continuing until at least on or about June 14, 2023, in the Northern District of Georgia and elsewhere, the defendants, DEXTER WELLINGTON ROBERTS III, a/k/a Science, GREVAUGHN SANCHEZ GOODMAN, a/k/a The General, SHAVONTE SUMMERS, TRANQUILO G. GOODMAN, and DEMETRIUS LAMONT RANDOLPH JR., and others known and unknown to the Grand Jury, including J.B., did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another, to engage in the business of dealing in firearms without a license in violation of Title 18, United States Code, Section 922(a)(1)(A).

## Manner and Means of the Conspiracy

At all times relevant to the conspiracy:

1. Defendant DEXTER WELLINGTON ROBERTS III was a citizen of the Bahamas and a former resident of the State of Florida.

2. Defendant ROBERTS maintained his primary residence in Austell, Georgia, in the Northern District of Georgia, although he traveled extensively throughout the United States.

3. Defendants GREVAUGHN SANCHEZ GOODMAN, TRANQUILO G. GOODMAN, SHAVONTE JUSTIN SUMMERS, and DEMETRIUS LAMONT RANDOLPH JR. were residents of Florida.

4. Each of the defendants illegally purchased firearms as "straw purchasers" from one or more federally licensed firearms dealers in Florida. That is, each of the defendants bought firearms on behalf of someone else, while claiming the firearms were for himself.

5. Defendant ROBERTS transported the "straw purchased" firearms throughout the United States to locations including upstate New York and Houston, Texas, for further transportation by other conspiracy members, including to locations outside the United States.

## Overt Acts

In furtherance of the conspiracy and to accomplish its objectives, the defendants, DEXTER WELLINGTON ROBERTS III, a/k/a Science,

2

GREVAUGHN SANCHEZ GOODMAN, a/k/a The General, SHAVONTE SUMMERS, TRANQUILO G. GOODMAN, and DEMETRIUS LAMONT RANDOLPH JR., committed and caused to be committed at least one of the following overt acts:

1. Beginning on or about December 12, 2022, Defendant ROBERTS began corresponding with co-conspirator J.B., a resident of Canada, via text messages and various encrypted messaging applications. In the messages, Defendant ROBERTS and J.B. discussed ROBERTS buying and otherwise obtaining numerous firearms of various types for transportation outside of the United States. Defendant ROBERTS was in the Northern District of Georgia when sending and receiving many of these messages.

2. On or about December 24, 2022, December 27, 2022, February 9, 2023, and February 15, 2023, Defendant ROBERTS purchased a total of forty-nine (49) firearms, mostly Glock pistols, in Hialeah, Florida.

3. On or about January 18, 2023, while in Atlanta, Georgia, Defendant ROBERTS falsely reported to Atlanta Police Officers that thirteen (13) pistols he had purchased the month before in Florida had been stolen from the trunk of his car at a gas station on or about January 17, 2023.

4. On or about January 23, 2023, Defendant ROBERTS drove from the Northern District of Georgia to the Miami, Florida area to meet with co-conspirators and obtain firearms for resale.

5. On or about January 24, January 25, March 1, March 2, March 4, March 22, March 27, March 30, March 31, and April 27, 2023, Defendant GREVAUGHN SANCHEZ GOODMAN purchased a total of approximately fifty-two (52) firearms, mostly Glock pistols, from federally licensed firearms dealers in Hialeah, Florida and Davie, Florida.

6. On or about February 26, 2023, Defendant ROBERTS drove J.B. to a home in Austell, Georgia to rest on their journey from New York state to the Miami, Florida area.

7. On or about March 22, 2023, Defendant TRANQUILO G. GOODMAN purchased a total of approximately eight (8) firearms, all Glock pistols, from a federally licensed firearms dealer in Hialeah, Florida.

8. From on or about April 1 through on or about April 3, 2023, Defendant ROBERTS drove J.B. from South Florida to upstate New York, near the Canadian border, and left J.B. there.

9. On or about April 3, 2023, J.B. crossed the border from the United States into Ontario, Canada.

10. On or about April 3, 2023, the body of J.B. was found dead in Ontario, Canada. In an automobile associated with the body, also in Ontario, Canada, thirty-six (36) firearms were found. Twenty-seven (27) of the firearms had been purchased by Defendant GREVAUGHN GOODMAN. Another seven (7) of the firearms had been purchased by Defendant TRANQUILO GOODMAN.

11. On or about May 16, May 17, May 30, June 5, June 6, June 8, June 12 and June 13, 2023, Defendant SUMMERS purchased a total of approximately fifty-five (55) firearms, mostly Glock pistols, from federally licensed firearms dealers in various Florida cities. Defendant SUMMERS frequently purchased from more than one dealer in the same day.

12. On or about May 20, 2023, Defendant ROBERTS stored a duffle bag filled with seventeen (17) firearms in a storage unit in Houston, Texas. The bag contained fifteen (15) firearms that had been bought by Defendant SUMMERS on or about May 16, 2023.

13. On or about June 12 and June 13, 2023, Defendant RANDOLPH purchased a total of ten (10) firearms, mostly Glock pistols, from five different federally licensed firearms dealers in various Florida cities.

14. On or about June 14, 2023, Defendant ROBERTS drove on I-75 Northbound through Henry County, Georgia carrying a load of forty-seven (47) firearms, including thirty-three (33) firearms purchased by Defendant SUMMERS and the ten (10) firearms purchased by Defendant RANDOLPH.

All in violation of Title 18, United States Code, Section 371.

## Count Two
(Dealing in Firearms without a License)

Beginning on or about December 12, 2022 and continuing until at least on or about June 14, 2023, in the Northern District of Georgia and elsewhere, the defendant, DEXTER WELLINGTON ROBERTS II, not being a licensed dealer in

5

firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, and in the course of such business, did transport firearms in interstate commerce, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

### Count Three
(Firearms Trafficking Conspiracy)

From on or about January 23, 2023 through on or about April 5, 2023, in the Northern District of Georgia and elsewhere, the defendants, DEXTER WELLINGTON ROBERTS III and GREVAUGHN SANCHEZ GOODMAN, did knowingly and intentionally conspire and agree with each other, J.B., and other persons, known and unknown to the Grand Jury, to transport, transfer, cause to be transported, and otherwise dispose of firearms to another person, J.B., in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by J.B. would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(3).

### Count Four
(Smuggling)

On or about June 14, 2023, in the Northern District of Georgia, in the Northern District of Georgia and elsewhere, the defendant, DEXTER WELLINGTON ROBERTS III, did fraudulently and knowingly facilitate the transportation and

concealment of any merchandise, article, and object prior to exportation, to wit, forty-seven (47) firearms, knowing the same to be intended for exportation contrary to a law and regulation of the United States, all in violation of Title 18, United States Code, Section 554(a).

### Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Count One through Four of this Indictment, the defendants, DEXTER WELLINGTON ROBERTS III, also known as "Science", GREVAUGHN SANCHEZ GOODMAN, also known as "The General", TRANQUILO G. GOODMAN, SHAVONTE SUMMERS, and DEMETRIUS RANDOLPH, JR., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offenses.

Upon conviction of the offense alleged in Count Three of this Indictment, the defendants, DEXTER WELLINGTON ROBERTS III, also known as "Science," and GREVAUGHN SANCHEZ GOODMAN, also known as "The General," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 934(a), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense alleged in Count Three of this Indictment.

Upon conviction of the offense alleged in Count Four of this Indictment, the defendant, DEXTER WELLINGTON ROBERTS III, also known as "Science," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, constituting or derived from proceeds traceable to the offense, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense alleged in Count Four of this Indictment.

If, any of the property described above, as a result of any act or omission of a defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of that defendant up to the value of the forfeitable property.

A  *True*  BILL

_____
FOREPERSON

RYAN K. BUCHANAN
United States Attorney

*Alana R. Black*
ALANA R. BLACK
 Assistant United States Attorney
Georgia Bar No. 785045

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

9