ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 1 3 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEXTER WELLINGTON ROBERTS III<br>   A/K/A "SCIENCE",<br>TEHANERAHTAIENS WHYITT BARNES<br>   A/K/A "TBONZZA"<br>   A/K/A "T-BOY",<br>ERIC DION READON<br>   A/K/A "EROCK", AND<br>SHAVONTE JUSTIN SUMMERS<br>   A/K/A "TWIN" | Superseding Indictment<br><br>1:23-CR-336-VMC-LTW<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

**Count One**
(Conspiracy to Deal in Firearms without a License)

1. Beginning on or about December 12, 2022, and continuing until at least on or about June 14, 2023, in the Northern District of Georgia and elsewhere, the defendants, DEXTER WELLINGTON ROBERTS III, a/k/a Science, ERIC DION READON a/k/a Erock, SHAVONTE JUSTIN SUMMERS a/k/a Twin, and others known and unknown to the Grand Jury, including J.B., Grevaughn Sanchez Goodman, Tranquilo G. Goodman, and Demetrius Lamont Randolph, Jr., did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another, to engage in the business of dealing in

firearms without a license in violation of Title 18, United States Code, Section 922(a)(1)(A).

## Manner and Means of the Conspiracy

2. At all times relevant to the conspiracy:

a. Defendant ROBERTS was a citizen of the Bahamas and a former resident of the State of Florida.

b. Defendant ROBERTS maintained his primary residence in Austell, Georgia, in the Northern District of Georgia, although he traveled extensively throughout the United States.

c. Defendant ROBERTS, along with Grevaughn Goodman, Tranquilo Goodman, Defendant SUMMERS and Randolph, illegally purchased firearms as "straw purchasers" from one or more federally licensed firearms dealers in Florida. That is, each of them bought firearms on behalf of someone else, while claiming the firearms were for himself.

d. Defendant READON drove Defendant SUMMERS and Randolph to various firearms dealers in Florida to make straw purchases of firearms, and then provided those firearms to Grevaughn Goodman.

e. Defendant ROBERTS transported the "straw purchased" firearms throughout the United States to locations including upstate New York and Houston, Texas, for further transportation by other conspiracy members, including to locations outside the United States.

## Overt Acts

3. In furtherance of the conspiracy and to accomplish its objectives, Defendants ROBERTS, READON, and SUMMERS committed and caused to be committed at least one of the following overt acts:

    a. Beginning on or about December 12, 2022, Defendant ROBERTS began corresponding with co-conspirator J.B., a resident of Canada, via text messages and various encrypted messaging applications. In the messages, Defendant ROBERTS and J.B. discussed ROBERTS buying and otherwise obtaining numerous firearms of various types for transportation outside of the United States. Defendant ROBERTS was in the Northern District of Georgia when sending and receiving many of these messages.

    b. On or about December 24, 2022, December 27, 2022, February 9, 2023, and February 15, 2023, Defendant ROBERTS purchased a total of forty-nine (49) firearms, mostly Glock pistols, in Hialeah, Florida.

    c. On or about January 18, 2023, while in Atlanta, Georgia, Defendant ROBERTS falsely reported to Atlanta Police Officers that thirteen (13) pistols he had purchased the month before in Florida had been stolen from the trunk of his car at a gas station on or about January 17, 2023.

    d. On or about January 23, 2023, Defendant ROBERTS drove from the Northern District of Georgia to the Miami, Florida area to meet with co-conspirators and obtain firearms for resale.

e. On or about February 26, 2023, Defendant ROBERTS drove J.B. to a home in Austell, Georgia to rest on their journey from New York to the Miami, Florida area.

f. From on or about April 1 through on or about April 3, 2023, Defendant ROBERTS drove J.B. from South Florida to upstate New York, near the Canadian border, and left J.B. there.

g. On or about April 3, 2023, J.B. crossed the border from the United States into Ontario, Canada.

h. On or about April 3, 2023, J.B. was found dead in Ontario, Canada. In an automobile associated with the body, also in Ontario, Canada, thirty-six (36) firearms were found. Twenty-seven (27) of the firearms had been purchased by Grevaughn Goodman. Another seven (7) of the firearms had been purchased by Tranquilo Goodman.

i. On or about May 16, May 17, May 30, June 5, June 6, June 8, June 12 and June 13, 2023, Defendant SUMMERS purchased a total of approximately fifty-five (55) firearms, mostly Glock pistols, from federally licensed firearms dealers in various Florida cities. Defendant SUMMERS frequently purchased from more than one dealer in the same day.

j. On or about June 12, 2023 and June 13, 2023, Defendant READON drove Defendant SUMMERS and Randolph to various licensed firearms dealers in South Florida to make straw purchases of firearms.

k. On or about May 20, 2023, Defendant ROBERTS stored a duffle bag filled with seventeen (17) firearms in a storage unit in Houston, Texas. The bag contained fifteen (15) firearms that had been bought by Defendant SUMMERS on or about May 16, 2023.

l. On or about June 12 and June 13, 2023, Randolph purchased a total of ten (10) firearms, mostly Glock pistols, from five different federally licensed firearms dealers in various Florida cities.

m. On or about June 14, 2023, Defendant ROBERTS drove on I-75 Northbound through Henry County, Georgia carrying a load of forty-seven (47) firearms, including thirty-three (33) firearms purchased by Defendant SUMMERS and the ten (10) firearms purchased by Randolph.

All in violation of Title 18, United States Code, Section 371.

## Count Two
(Dealing in Firearms without a License)

4. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 3 of this Indictment as if fully set forth herein.

5. Beginning on or about December 12, 2022 and continuing until at least on or about June 14, 2023, in the Northern District of Georgia and elsewhere, the defendant, DEXTER WELLINGTON ROBERTS III, a/k/a Science, not being a licensed dealer in firearms within the meaning of Chapter 44, Title 18, United States Code, aided and abetted by others known and unknown to the Grand

Jury, did willfully engage in the business of dealing in firearms, and in the course of such business, did transport firearms in interstate commerce, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D) and Section 2.

## Count Three
(Firearms Trafficking Conspiracy)

6. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 3 of this Indictment as if fully set forth herein.

7. From on or about December 12, 2022 through on or about April 3, 2023, in the Northern District of Georgia and elsewhere, the Defendant, DEXTER WELLINGTON ROBERTS III, a/k/a Science, did knowingly and intentionally conspire and agree with J.B., Grevaughn Goodman and other persons, known and unknown to the Grand Jury, to transport, transfer, cause to be transported, and otherwise dispose of firearms to another person, J.B., in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by J.B. would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(3).

## Count Four
### (Smuggling Conspiracy)

8. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 3 of this Indictment as if fully set forth herein.

9. Beginning on or about December 12, 2022, and continuing until on or about April 3, 2023, in the Northern District of Georgia and elsewhere, the defendants, DEXTER WELLINGTON ROBERTS III, a/k/a Science and TEHANERAHTAIENS WHYITT BARNES, a/k/a TBonzza, a/k/a T-boy, and others known and unknown to the Grand Jury, including J.B., did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with one another, to fraudulently and knowingly export and send from the United States any merchandise, article and object, to wit, firearms, contrary to a law and regulation of the United States, in violation of Title 18, United States Code, Section 554(a).

### Background

10. Defendant BARNES was a citizen of the United States residing on or near the St. Regis Mohawk Reservation in upstate New York.

### Overt Acts

11. In furtherance of the conspiracy and to accomplish its objectives, Defendants ROBERTS and BARNES committed and caused to be committed at least one of the following overt acts, in addition to the overt acts alleged in paragraph 3 of this Indictment, which are incorporated by reference:

a. On or about February 23, 2023, J.B. notified Defendant ROBERTS that he had become stranded in Malone, New York, near the Canadian border. Defendant ROBERTS drove to New York to retrieve J.B.

b. On or about April 2, 2023, Defendant BARNES made the arrangements for J.B. and his cargo to get picked up by a driver in Canada immediately after crossing the border by boat. J.B.'s cargo consisted of 36 firearms, 34 of which had been purchased in South Florida by Grevaughn Goodman and/or Tranquilo Goodman.

c. On or about April 3, 2023, after J.B. died, Defendant BARNES communicated with the driver through text messages and phone calls and instructed her on how to proceed and what to do next.

All in violation of Title 18, United States Code, Section 371.

## Count Five
(Smuggling)

12. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 3 and 10 through 11 of this Indictment as if fully set forth herein.

13. Beginning on or about December 12, 2022, and continuing until on or about April 3, 2023, in the Northern District of Georgia and elsewhere, the defendants, DEXTER WELLINGTON ROBERTS III, a/k/a Science and TEHANERAHTAIENS WHYITT BARNES, a/k/a TBonzza, a/k/a T-boy, aided and abetted by each other and others known and unknown to the Grand Jury,

8

knowingly exported and sent from the United States any merchandise, article and object, to wit, thirty-six (36) firearms, contrary to a law and regulation of the United States, in violation of Title 18, United States Code, Section 554(a) and Section 2.

## Count Six
### (Smuggling)

14. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 3 and 10 through 11 of this Indictment as if fully set forth herein.

15. On or about June 14, 2023, in the Northern District of Georgia and elsewhere, the defendant, DEXTER WELLINGTON ROBERTS III, a/k/a Science, aided and abetted by others known and unknown to the Grand Jury, did fraudulently and knowingly facilitate the transportation and concealment of any merchandise, article, and object prior to exportation, to wit, forty-seven (47) firearms, knowing the same to be intended for exportation contrary to a law and regulation of the United States, all in violation of Title 18, United States Code, Section 554(a) and Section 2.

## Forfeiture Provision

16. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Superseding Indictment, the defendants, DEXTER WELLINGTON ROBERTS III, a/k/a Science, ERIC DION READON, a/k/a Erock, and SHAVONTE JUSTIN SUMMERS, a/k/a Twin, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offenses.

17. Upon conviction of the offense alleged in Count Three of this Superseding Indictment, the Defendant, DEXTER WELLINGTON ROBERTS III, a/k/a Science, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense, and pursuant to Title 18, United States Code, Section 934(a), any property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of the violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation. The property to be forfeited includes the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Three of this Superseding Indictment.

18. Upon conviction of the offenses alleged in Counts Four through Six of this Superseding Indictment, the defendants, DEXTER WELLINGTON ROBERTS III,

a/k/a Science and TEHANERAHTAIENS WHYITT BARNES, a/k/a Tbonzza, a/k/a T-boy, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offenses, and, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to said violation. The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses, or conspiracy to commit the offenses alleged in Counts Four through Six of this Superseding Indictment.

19. If, any of the property described above, as a result of any act or omission of a defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of that defendant up to the value of the forfeitable property.

A __TRUE__ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

JOHN T. DEGENOVA
*Assistant United States Attorney*
Georgia Bar No. 940689

ALANA R. BLACK
*Assistant United States Attorney*
Georgia Bar No. 785045

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181